**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Kenneth R. Foreman, Esq. ID# 032641994
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Tel: (973) 577-6267
Fax: (973) 577-6261
*Attorneys for Defendants, HL Motor Group, Inc. and Scott A. Horace*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA A. MOPOSITA,<br><br>*Plaintiff,*<br><br>vs.<br><br>HL MOTOR GROUP, INC. et als.,<br><br>*Defendants.* | Civil Action No. 2:21-cv-18216 |
| DAVID MUNIVES,<br><br>*Plaintiff,*<br><br>vs.<br><br>HL MOTOR GROUP, INC. et als.,<br><br>*Defendants.* | |

### NOTICE OF REMOVAL

Defendants, HL Motor Group, Inc. ("Highlight") and Scott A. Horace ("Horace"), (collectively, "Defendants"), by their attorneys at Lewis Brisbois Bisgaard & Smith LLP, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), hereby remove this action from the Superior Court of New Jersey, Bergen County, to the United States District Court for the District of New Jersey. As grounds for this removal, defendants state as follows:

1.      On June 10, 2021, plaintiff Melissa A. Moposita ("Plaintiff") filed a Complaint in the Superior Court of New Jersey, Bergen County, captioned *Melissa A. Moposita v. HL Motor Group, Inc. et als.*, BER-L-3774-21 (the "Moposita Matter"). See Ex. A (Complaint).

2.      Highlight was served with Plaintiff's Complaint on, or at its earliest, September 10, 2021. See Ex. B (September 10, 2021 Cover Letter), for service of the summons and complaint upon HL Motor Group, Inc.

3.      On August 27, 2021, an order of consolidation was filed in the Moposita Matter, consolidating same with *David Munives v. HL Motor Group, Inc. et als.*, BER-L-3582-21. See Ex. C (Consolidation Order).

4.      Plaintiff generally avers she suffered personal injuries resulting from a March 31, 2020 motor vehicle collision in Ridgefield Park, New Jersey, involving another vehicle owned by Highlight driven by Horace, Highlight's agent . See Ex. A (Complaint at First Count ¶¶ 1, 2, 6).

5.      Plaintiff is a citizen of New Jersey. Id. (preamble).

6.      Highlight is a citizen of Canada because it is a corporation located, organized and existing there. See Ex. D (Jealall Aff. at ¶¶ 3-5).

7.      Horace is a citizen of Canada. Id. at 9.

8.      Here, there is complete diversity between plaintiff and defendants and the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1441(b).

9.      By reason of the foregoing, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, exclusive of costs. Removal of the state court action to this Court is therefore appropriate under 28 U.S.C. § 1441(b).

10.    Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after receipt by the defendants, through service or otherwise, of a copy of the pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  Moreover, this Notice of Removal was filed within one year after commencement of the action.

11.    Pursuant to 28 U.S.C. § 1446(d), contemporaneous with this filing, defendants are serving a copy of this Notice of Removal upon plaintiff and filing a copy with the Clerk of the Superior Court of New Jersey, Bergen County.  Service of same will be automatically made upon counsel via Superior Court eCourts system.

12.    Defendants reserve their right to supplement this Notice of Removal and/or to present additional arguments in support of their entitlement to removal.

13.    Removal is hereby effected without waiver of any challenges that defendants may have to personal jurisdiction, venue or service of process.  Further, no admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved.

WHEREFORE, Defendants, Highlight and Horace, hereby give notice of the removal of the above-referenced action now pending in the Superior Court of New Jersey, Bergen County, to the United States District Court for the District of New Jersey.

Dated: October 7, 2021            **LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Kenneth R. Foreman, Esq.*

By:    _____

Kenneth R. Foreman, Esq.
*Attorney for Defendants*

4840-8863-9228.1

# EXHIBIT A

**CORRADINO & PAPA, LLC**
**955 Allwood Road**
**Clifton, NJ 07012**
**(973) 574-1200**
**Attorney I.D. No.: 002761996**
*Attorneys for Plaintiff(s)*

| | |
|---|---|
| MELISSA A. MOPOSITA, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | |
| | DOCKET NO.: BER-L- |
| v. | |
| | Civil Action |
| HL MOTOR GROUP, INC., SCOTT E. HORACE, JOHN DOE I-X (said names being fictitious, true names presently unknown), ABC CORP. I-X (said names being fictitious, true names presently unknown), XYZ EMPLOYER I-X, (said names being fictitious, true names presently unknown), ABC MAINTENANCE CORP. I-X (said names being fictitious, true names presently unknown), DEF BROKERAGE CORP I-X (said names being fictitious, true names presently unknown), | **COMPLAINT AND JURY DEMAND, NOTICE TO TAKE ORAL DEPOSITIONS, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR DISCOVERY OF INSURANCE INFORMATION, DEMAND TO PRODUCE DOCUMENTS, REQUEST FOR ADMISSIONS, STATEMENT OF DAMAGES** |
| Defendants. | |

Plaintiff **MELISSA A. MOPOSITA** residing at 68 6th Street in the Village of Ridgefield Park, New Jersey, by way of Complaint against the Defendant(s) hereby states the following:

## FACTUAL BACKGROUND

1.      On and before March 31, 2020, the Defendant, **HL MOTOR GROUP, INC.,** was a corporation doing business as a commercial truck transportation carrier enterprise providing interstate and intrastate transport and shipping with a main office at 391 Credit Stone Road, Concord, Canada. Pursuant to Rule 4:3-2(b), the basis for venue in Bergen derives from Defendant,

**HL MOTOR GROUP, INC.** actually doing business in Bergen County via it's over the road transportation business, as well as Plaintiff's residence being located in Bergen County.

2.      Upon information and belief, at all relevant times stated herein, the Defendant, **SCOTT E. HORACE,** resides at 105A Manitou Cresent, Brampton, Canada. At all relevant times, herein, the Defendant was an employee, agent, servant and/or independent contractor of the Defendant, **HL MOTOR GROUP, INC.** acting in the scope of his employment during the underlying motor vehicle/tractor-trailer collision.

## FIRST COUNT

1.      On or about March 31, 2020, the Plaintiff, **MELISSA A. MOPOSITA,** was the driver in a motor vehicle bearing New Jersey license plate H44MAY and traveling Eastbound on Mount Vernon Street in the Village of Ridgefield Park, New Jersey.

2.      At the time and place aforesaid, the Defendant, **SCOTT E. HORACE,** or **JOHN DOES I-X** (said names being fictitious, true names presently unknown), was the operator of a certain commercial tractor trailer, owned by Defendant, **HL MOTOR GROUP, INC.,** and/or **ABC CORP. I-X** (said names being fictitious, true names presently unknown). Defendant, **SCOTT E. HORACE,** and/or **JOHN DOES I-X** (said names being fictitious, true names presently unknown), was operating the commercial vehicle with the permission of said owners as agent, servant and/employee Eastbound on Mount Vernon Street in the Village of Ridgefield Park, New Jersey.

3.      Upon information and belief, at all times relevant herein, **ABC CORP I-X,** contracted/employed Defendant, **HL MOTOR GROUP, INC.,** and/or **ABC CORP. I-X** (said names being fictitious, true names presently unknown), to transport its cargo over interstate and

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

2

interstate highways and roadways.

4.    At the time and place stated herein, the trailer transported by **HL MOTOR GROUP, INC.,** and/or **ABC CORP. I-X** (said names being fictitious, true names presently unknown) through its agent, servant and employee, Defendants, **SCOTT E. HORACE**, and/or **JOHN DOES I-X** (said names being fictitious, true names presently unknown), was transporting cargo in the course of its duties for Defendant, **ABC CORP I-X.**

5.    At the time and place aforesaid,  all of the Defendants above named, owed a duty to vehicular traffic and the general public making use of the above-described highway and more particularly to the Plaintiff, **MELISSA A. MOPOSITA**, through his agents, servants and employees maintaining and operating said tractor and trailer combination, to operate and control their tractor-trailer in a reasonably safe and careful manner, and further to make observation of other vehicles on the highway and maintain control of the  tractor and trailer its instrumentalities and parts, at all times.

6.    At the time and place aforesaid the defendants, did breach the requisite duty of due care and applicable statutory sections of the New Jersey Motor Vehicle and Traffic Laws in maintaining and operating the above-described commercial vehicle in such a negligent, careless, grossly negligent and reckless manner, in that he failed to observe, caused and permitted, the commercial tractor and trailer to crash into the vehicle occupied by the Plaintiff, **MELISSA A. MOPOSITA** and caused **MELISSA A. MOPOSITA** to sustain and suffer severe and permanent injuries and other damages hereafter alleged, all of which was a foreseeable harm and loss caused by the aforesaid negligence, gross and reckless conduct complained of.

7.      Upon information and belief, **DEF BROKERAGE CORP I-X** (said names being fictitious, true names presently unknown), was a transportation broker which arranged for the transportation of the materials being transported at the time and place aforesaid and owed a duty to assure that the tractor and trailer for transport was reasonably safe and the operator reasonably competent for the operation of said vehicle.  Said Defendant broker was negligent in engaging the subject vehicle and rig as well as the negligent and incompetent operator, Defendant, **SCOTT E. HORACE.**

8.      As a result of the negligence, gross negligence and reckless conduct of the respective defendants, as hereinabove set forth, the Plaintiff, **MELISSA A. MOPOSITA**, was caused to sustain severe and serious injuries to her head, body, neck, back, limbs and nervous system, which further caused him to suffer severe and excruciating pain, as well as, extreme mental anguish.   Upon information and belief, said injuries suffered by Plaintiff, **MELISSA A. MOPOSITA,** or some of them, and the disabling effects resulting therefrom, are permanent in nature.  As a further result of said injuries, the Plaintiff, **MELISSA A. MOPOSITA**, was required to expend sums of money for medical care and attention, which were administered to her in an attempt to cure and/or alleviate said injuries and the disabling effects resulting therefrom, and Plaintiff, **MELISSA A. MOPOSITA,** in the future will be required to submit to further medical attention.  As a further result of said injuries, the Plaintiff has been unable to perform her usual daily tasks and has been prevented from participating in activities enjoyed by others like situated in life, all of which has prevented her from enjoying the normal fruits of her existence, both socially and economically, and the Plaintiff was otherwise damaged.

WHEREFORE, the Plaintiff, **MELISSA A. MOPOSITA**, demands judgment against the Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), jointly and severally, together with costs, disbursements of suit and interest and such other relief so deemed just by the Court.

## SECOND COUNT

1.  Plaintiff, **MELISSA A. MOPOSITA** repeats, reiterates and realleges each and every allegation of the Factual Background and First Count as if the same were more fully set forth herein at length.

2.  On or about March 31, 2020, the Defendants, **HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), was/were the owners of the aforesaid tractor-trailer that it granted and entrusted the operation to Defendant, **SCOTT E. HORACE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown).

3.  Upon information and belief and at all times hereinafter mentioned, and more particularly on or about March 31, 2020, the Defendants, **HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X**

(said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), were doing business within the State of New Jersey.

4.    Upon information and belief, at the time and place aforesaid, the Defendants, **HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), through its agent, servant, permissive user and/or employee, **SCOTT E. HORACE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), through the course of employment and/or entrustment with and/or by Defendants, was/were negligent and careless in the operation of Defendants' tractor-trailer rig, in that he so negligently and carelessly maintained and operated the said tractor-trailer that he caused said vehicle to violently, and with great force, crash and strike the motor vehicle occupied by the Plaintiff, **MELISSA A. MOPOSITA,** and thereby causing Plaintiff to sustain and suffer the injuries and other damages hereafter alleged and are liable to the Plaintiff for the negligent and reckless acts stated above under the Doctrine of *Respondeat Superior*, Permissive Use and/or Negligent Entrustment.

5.  Upon information and belief, Defendant, **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), through its agents, servants,

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

and/or employees negligently serviced and maintained the tractor and trailer rig here involved thereby contributing to the collision and resulting injuries complained of.

      6.    As a result of the aforesaid negligence and carelessness of the Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC., LLC, JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), as hereinabove set forth, caused the Plaintiff, **MELISSA A. MOPOSITA,** to sustain and suffer severe and serious injuries to her head, neck, back, body, limbs, and nervous system, which further caused her to suffer severe and excruciating pain, as well as extreme mental anguish. Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature. As a further result of said injuries, the Plaintiff, **MELISSA A. MOPOSITA,** has incurred expenses for the treatment of said injuries and will in the future be required to incur additional medical expenses in an attempt to seek cure and/or alleviate said injuries and the disabling effects resulting therefrom. As a further result of said injuries, the Plaintiff has been unable to perform her usual daily tasks and has been prevented from participating in activities enjoyed by others like situated in life, all of which has prevented her from enjoying the normal fruits of her existence, both socially and economically and the Plaintiff was otherwise damaged.

      **WHEREFORE,** the Plaintiff, **MELISSA A. MOPOSITA,** demands judgment against the Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC., JOHN DOES I-X,** (said

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

7

names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), jointly and severally, together with costs, disbursements of suit and interest and any other relief the Court deems just.

### THIRD COUNT

1.      Plaintiff, **MELISSA A. MOPOSITA**, repeats, reiterates and re-alleges each and every allegation of the Factual Background, First and Second Counts as if the same were more fully set forth herein at length.

2.      On or about March 31, 2020, the Defendants, **HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), was/were the owners of the aforesaid motor vehicle, controlled, operated, serviced and/or maintained it, and which they granted and entrusted the operation of, to Defendant, **SCOTT E. HORACE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown).

3.      At said time and place, the Defendants, **HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION**

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

I-X (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), knew or should have known that Defendant,

**SCOTT E. HORACE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), had in the past negligently and carelessly operated the above referenced trailer and/or other commercial or personal motor vehicles.

4.    On or about March 31, 2020, the Defendant, **SCOTT E. HORACE** and/or **JOHN DOES I-X,** (said names being fictitious, true names presently unknown), operated the above-described tractor-tanker combination in such a careless, reckless, grossly negligent and/or negligent manner that he crashed into the vehicle occupied by Plaintiff, **MELISSA A. MOPOSITA**, which caused the Plaintiff to sustain injuries and other damages hereinafter alleged.

5.    Upon information and belief and at all times hereinafter mentioned, the Defendants, or any or all of them, acted with the negligence, carelessness, gross negligence and/or recklessness regarding the safety of the general public at large, and the Plaintiff, **MELISSA A. MOPOSITA**, more particularly, in enabling, permitting and/or entrusting the Defendant, **SCOTT E. HORACE**, to obtain the use of the commercial vehicle, an inherently dangerous instrumentality, without investigating the Defendant, **SCOTT E. HORACE'S,** driving records and/or history.

6.    As a direct and proximate result of the negligence, carelessness and reckless disregard of the Defendants, **HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

9

fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), in permitting, entrusting and/or enabling the Defendant, **SCOTT E. HORACE,** to possess and operate said commercial vehicle in a negligent manner as described above, the Plaintiff, **MELISSA A. MOPOSITA**, was caused to sustain and suffer severe and serious injuries to her head, neck, back, body, limbs, and nervous system, which further caused her to suffer severe and excruciating pain, as well as extreme mental anguish. Upon information and belief, said injuries, or some of them, and the disabling effects resulting therefrom, are permanent in nature.  As a further result of said injuries, the Plaintiff has incurred expenses for the treatment of said injuries and will in the future be required to incur additional medical expenses in an attempt to seek cure and/or alleviate said injuries and the disabling effects resulting therefrom. The Plaintiff, **MELISSA A. MOPOSITA,** has been unable to perform her usual daily tasks and has been prevented from participating in activities enjoyed by others like situated in life, all of which has prevented her from enjoying the normal fruits of her existence, both socially and economically and the Plaintiff was otherwise damaged.

**WHEREFORE**, the Plaintiff, **MELISSA A. MOPOSITA**, demands judgment against the Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION**

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

10

I-X (said names being fictitious, true names presently unknown), jointly and severally, together with costs, disbursements of suit and interest and other such relief the Court shall deem just.

## FOURTH COUNT

1.      Plaintiff, **MELISSA A. MOPOSITA**, repeats, reiterates and re-alleges each and every allegation of the Factual Background, First, Second and Third Counts as if the same were more fully set forth herein at length.

2.      The Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC.,  JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), any or all of them, maintained the subject commercial vehicle, a 2020 Volvo bearing ▮▮▮▮▮▮▮▮▮ (hereinafter "2020 Volvo") and its component parts, in such a careless and reckless manner so as to cause a violent and crash as **SCOTT E. HORACE** operated it North on Main Street and turning left to travel West on Mount Vernon Street in the Village of Ridgefield Park, New Jersey.

3.      Due to the negligent, careless, and reckless maintenance of the commercial vehicle, a 2020 Volvo, and its component parts by the Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC**

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

11

MAINTENANCE CORPORATION I-X (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown),  the Plaintiff, **MELISSA A. MOPOSITA**, has been caused to suffer permanent injuries and other damages as herein set forth.

WHEREFORE, the Plaintiff, **MELISSA A. MOPOSITA**, demands judgment against the Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC., JOHN DOES I-X,**  (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), jointly and severally, together with costs, disbursements of suit and interest and other such relief the Court shall deem just.

## FIFTH COUNT

1.     Plaintiff, **MELISSA A. MOPOSITA**, repeats, reiterates and re-alleges each and every allegation of the Factual Background, First, Second, Third and Fourth Counts as if the same were more fully set forth herein at length.

2.     The Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

unknown), any or all of them, hired, retained, contracted and/or authorized the respective Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown) to inspect, maintain, repair, manage, supervise and/or operate the subject commercial vehicle, a 2020 Volvo and its component parts, to assure same could operate safely and in good working order on the public roadways.

3.      Due to the negligent, careless, and reckless maintenance, inspection, repair, management and/or supervision of the 2020 Volvo, and its component parts by the Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown),  the Plaintiff, **MELISSA A. MOPOSITA,** has been caused to suffer permanent injuries and other damages as herein set forth.

**WHEREFORE,** the Plaintiff, **MELISSA A. MOPOSITA,** demands judgment against the Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

13

fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), jointly and severally, together with costs, disbursements of suit and interest and other such relief the Court shall deem just.

<u>**SIXTH COUNT**</u>

1.  Plaintiff, **MELISSA A. MOPOSITA**, repeats, reiterates and re-alleges each and every allegation of the Factual Background, First, Second, Third, Fourth and Fifth Counts as if the same were more fully set forth herein at length.

2.  As a result of such collision, the automobile Plaintiff was operating was severely damaged and rendered inutile, requiring her to incur expenses for its repair, towing, storage and alternate means of transportation while awaiting the completion of repairs.

3.  **WHEREFORE**, the Plaintiff, **MELISSA A. MOPOSITA**, demands judgment against the Defendants, **SCOTT E. HORACE, HL MOTOR GROUP, INC., JOHN DOES I-X,** (said names being fictitious, true names presently unknown), **ABC CORPORATION I-X** (said names being fictitious, true names presently unknown), and **XYZ EMPLOYER I-X** (said names being fictitious, true names presently unknown), **ABC MAINTENANCE CORPORATION I-X** (said names being fictitious, true names presently unknown), **XYZ BROKERAGE CORPORATION I-X** (said names being fictitious, true names presently unknown), jointly and severally, together with costs, disbursements of suit and interest and other such relief the Court shall deem just.

*Jack V. Corradino*
JACK V. CORRADINO

Date:   June 10, 2021

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

14

## JURY DEMAND

Plaintiffs demand trial by jury on all issues.

*Jack V. Corradino*
JACK V. CORRADINO

Date:   June 10, 2021

## TIME UNIT RULE

Plaintiff(s) intends on using the Time Unit pursuant to Rule 1:7-1(b).

*Jack V. Corradino*
JACK V. CORRADINO

Date:   June 10, 2021

## DESIGNATION OF TRIAL COUNSEL

In accordance with <u>R.</u> 4:25-4, ROBERT C. PAPA, JR., Esq. is hereby designated as trial counsel as to all issues and matters affecting this litigation on behalf of the Plaintiff, **MELISSA A. MOPOSITA.**

*Jack V. Corradino*
JACK V. CORRADINO

Date:   June 10, 2021

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

15

## CERTIFICATION PURSUANT TO R. 4:5-1

I, JACK V. CORRADINO hereby certify as follows:

1.      I am an attorney at law of the State of New Jersey and am a member of the firm and as such, I am fully familiar with same.

2.      To the best of my knowledge, confirmation and belief, the Plaintiff hereby certifies that the matter in controversy is the subject of another action pending in this Court on behalf of David Munives under Docket Number BER-L-3582-21.  Additionally, there are no other persons known to me who should be added as parties to this matter, nor are there any other actions contemplated.

3.      I do hereby certify that the foregoing statements made by me are true to the best of my knowledge.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Jack V. Corradino*
JACK V. CORRADINO

Date:   June 10, 2021

## DEMAND FOR INTERROGATORY ANSWERS

Demand is hereby made upon Defendants to provide answers to the applicable Uniform Personal Injury Interrogatories Form C and C (1) within the time prescribed by the Rules of Court.

*Jack V. Corradino*
JACK V. CORRADINO

Date:   June 10, 2021

CORRADINO & PAPA, LLC
955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200

16

**CORRADINO & PAPA, LLC**
**Robert C. Papa, Jr., Esq.**
955 Allwood Road
**Clifton, NJ 07012**
**(973) 574-1200**
**Attorney I.D. No.: 015381995**
**Attorneys for Plaintiff(s)**

| | |
|---|---|
| MELISSA A. MOPOSITA , | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | DOCKET NO.:    BER-L- |
| v. | CIVIL ACTION |
| HL MOTOR GROUP, INC., SCOTT E. HORACE, JOHN DOE I-X (said names being fictitious, true names presently unknown), ABC CORP. I-X (said names being fictitious, true names presently unknown), XYZ EMPLOYER I-X, (said names being fictitious, true names presently unknown), ABC MAINTENANCE CORP. I-X (said names being fictitious, true names presently unknown), DEF BROKERAGE CORP I-X (said names being fictitious, true names presently unknown), | **SUPPLEMENTAL INTERROGATORIES** |
| Defendant (s). | |

**PLEASE TAKE NOTICE,** Plaintiff(s) hereby demands a response to the following supplemental interrogatories from Defendants HL MOTOR GROUP, INC.:

1.    If you will contend at trial that the accident or plaintiff's injuries are the fault of a person or entity not a party to this lawsuit, or a condition over which this defendant has no control, identify such person, entity or condition with particularity.

2.    List all motor vehicle accidents, traffic summonses, and/or license suspensions that Defendant trucking company was aware of that involved Defendant SCOTT E. HORACE, at the time of his hire through the end of his employment along with the dates when Defendant learned of the accidents, suspensions, and/or traffic summonses.

3.    State the date Defendant HORACE was hired or contracted with by Defendant and the date he left his employment with Defendant truck company along with the reason he left his employment and the individual who hired, trained, and/or interviewed him.

4.     State and describe Defendant trucking companies background check that was in effect when hiring and/or contracting and/or entering into business with co-Defendants including whether or not Defendant reviewed a then-current driving abstract of Defendant, SCOTT E. HORACE medical records, ordered drug testing, and/or contacted prior employers. **Attach Copies of the abstracts.**

5.     Describe the business relation between Defendants. **Attach any business agreements between any Defendants whether or not they have been named in this lawsuit.**

6.     State and describe any and all driving training and/or safety training administered to Defendant by Defendant trucking company.

Very truly yours,
CORRADINO & PAPA LLC

By:        _____
ROBERT C. PAPA, JR. , ESQ.

Date:   June 10, 2021

# EXHIBIT B



# CORRADINO & PAPA, LLC
*A PERSONAL INJURY LAW FIRM*

955 ALLWOOD ROAD
CLIFTON, NEW JERSEY 07012
(973) 574-1200
FACSIMILE: (973) 574-1202
WWW.CORRADINOANDPAPA.COM

<u>REPLY TO CLIFTON</u>

350 WEST 42ND STREET
SUITE 60G
NEW YORK, NY 10013
TEL: (212) 966-7441

DIRECT ALL REPLIES TO OUR
OFFICE IN CLIFTON, NJ

JACK VINCENT CORRADINO ● ▼ ◇ ✦
ROBERT C. PAPA, JR. ● ◇ ✦ ✱
MICHAEL R. SUCIC ● ✱
JOSEPH A. DEFURIA ● ✦ ✱
TIMOTHY J. FONSECA ● ▼ ◇ ✱

FRANCIS J. SWEENEY III ●
JOSEPH A. CAPO ● ▼
NICHOLAS P. SCHROTER ● ▼
ANGELO S. CATANZARITI ● ◇

CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY ✦
PARTNER ✱

NJ BAR ✱
NY BAR ▼
DC BAR ◇

September 10, 2021

Glen Poller
610-618 West St. Georges Avenue
Linden, NJ 07036

**Re:** **Moposita v. HL Motor Group, Inc.**
**Docket No.: BER-L-3774-21**

Dear Mr. Poller:

Enclosed please find the following Summons and Complaint to be served upon the following:

**HL Motor Group, Inc.**
**391 Credit Stone Road**
**Concord, ON Canada**

Please acknowledge receipt of same via email to <u>rcpapa@corradinoandpapa.com</u>.

Thank you for your assistance in this matter.

Very truly yours,

CORRADINO & PAPA, LLC

By: _____

ROBERT C. PAPA, JR.

RCP/hc
Encl.

50

# EXHIBIT C

F I L E D

AUG 2 7 2021

JOHN D. O'DWYER, P.J.Cv.

Firm Code: H21
File No.: 205576407
Voss Nitsberg DeCoursey & Hawley
Benjamin O. Stewart, Esq.
Bar #: 039772010
485 Route 1 South, Building A, Suite 200
Iselin, NJ 08830
Ph: 732-362-3400; Direct dial: (732) 362-3211
Fax: (866) 827-4716
Attorneys for Defendant, Melissa Moposita

| | |
|---|---|
| MELISSA A. MOPOSITA,<br><br>Plaintiff,<br><br>v.<br><br>HL MOTOR GROUP, INC., SCOTT E. HORACE, JOHN DOE I-X (said name being fictitious, trur names presently unknown), true names presently unknown), XYZ EMPLOYER I-X, (said names being fictitious, true names presently unknown), ABC MAINTENANCE CORP. I-X (said anmes being fictitious, true names presently unknown), DEF BROKERAGE CORP I-X (said names being fictitious, true names presently unknown)<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO.: BER-L-3774-21<br><br>**ORDER OF CONSOLIDATION** |
| DAVID MUNIVES,<br><br>Plaintiff,<br><br>v.<br><br>HL MOTOR GROUP, INC., SCOTT E. HORACE, MELISSA MOPOSITA, JAVIER MUNIVES-CAVERO, et al.,<br><br>Defendants. | DOCKET NO.: BER-L-3582-21 |

**THIS MATTER** having been opened to the Court by Benjamin O. Stewart, attorney for

Defendant, Melissa Moposita, for an Order consolidating these matters, and the Court having

reviewed the moving papers submitted, and any opposition thereto, and for good cause appearing;

IT IS on this ___27th___ day of ___August___, 20__21___.

**ORDERED** that the matter of <u>Munives v. HL Motor Group, et al.</u>, under Docket No. BER-L-3582-21, and the matter of <u>Moposita Melissa v. HL Motor Group, Inc.</u> under Docket No. BER-L-3774-21, be and are hereby consolidated for the purpose of discovery and Trial;

**ORDERED** that the 1st Discovery End Date in the consolidated action is May 18, 2022; and it is further

**ORDERED** that the within Order shall be automatically served upon all counsel simultaneously with its online posting in E-Courts.

J.S.C.

JOHN D. O'DWYER, P.J.CV.

✕ Opposed

___ Unopposed

# EXHIBIT D

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Kenneth R. Foreman, Esq. ID# 032641994
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Tel:  (973) 577-6267
Fax: (973) 577-6261
*Attorneys for Defendants, HL Motor Group, Inc. and Scott A. Horace*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA A. MOPOSITA,<br><br>     *Plaintiff,*<br><br> vs.<br><br>HL MOTOR GROUP, INC. et als.,<br><br>     *Defendants.* | Civil Action No.: |
| DAVID MUNIVES,<br><br>     *Plaintiff,*<br><br> vs.<br><br>HL MOTOR GROUP, INC. et als.,<br><br>     *Defendants.* | |

### AFFIDAVIT FOR REMOVAL

I, Nyron Jealall, being first duly sworn on oath, under penalties as provided by law pursuant to the Federal Rules of Civil Procedure, certify that the statements set forth herein are true and correct and that, if called upon to testify in the above-captioned case, I could competently testify to the following statements based on my personal knowledge.

1. I am the Claims Manager for HL Motor Group, Inc., also known as Highlight Holdings Inc. ("Highlight"), a trucking company located on Ontario, Canada.

2.      In my position as Highlight's Claims Manager, I have become familiar with the history, organization and activities of Highlight, a company that is engaged in the business of providing transportation, warehousing and distribution services.

3.      Highlight is a company that is organized and existing under the laws of Ontario, Canada.

4.      Highlight's principal place of business is located in Ontario, Canada.

5.      Highlight's offices and distribution center are located in Ontario, Canada.

6.      In my position as Highlight's Claims Manager, I am also familiar with Highlight's corporate records and documents, which include records of Highlight's ownership and leasing of commercial trucking vehicles and records related to transportation and delivery.

7.      I have reviewed the Complaint in this matter, which generally alleges that the plaintiff suffered personal injuries resulting from a March 31, 2020 motor vehicle collision with a vehicle operated by Scott E. Horace.

8.      On March 31, 2020, while engaged in the activity described in the Complaint in this matter, Scott E. Horace was an employee of Highlight.

9.      I reviewed Mr. Horace's employment file with Highlight and found that he is a citizen of and resides in Ontario, Canada.

10.     I reviewed Highlight's records and found that the vehicle operated by Mr. Horace at the time of the subject accident was owned by HL Motor Group, Inc.


Nyron Jealall, Claims Manager
HL Motor Group, Inc.